# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2594
_____

United States of America

*Plaintiff - Appellee*

v.

Krissy Louise Hinsley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: July 15, 2026
Filed: July 20, 2026
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.

_____

PER CURIAM.

Krissy Hinsley appeals the sentence the district court[1] imposed after she pleaded guilty to two counts of child neglect in Indian country. She argues the court

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

failed to explain why mitigating factors did not warrant a shorter sentence, placed too little weight on those factors, and imposed a substantively unreasonable sentence.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Hinsley. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that, in reviewing the imposition of a sentence, this court first ensures that there was no significant procedural error, then considers the substantive reasonableness of the sentence under the totality of the circumstances). First, we discern no plain procedural error in the explanation for Hinsley's sentence, as the court stated it had considered the 18 U.S.C. § 3553(a) factors, referred to counsel's mitigating arguments, and focused on the aggravating factors in imposing the sentence. *See United States v. Krzyzaniak*, 702 F.3d 1082, 1085 (8th Cir. 2013) (clarifying that a procedural challenge is reviewed for plain error when the defendant did not object at sentencing); *see also United States v. Leonard*, 785 F.3d 303, 306 (8th Cir. 2015) (holding that the sentencing court need not specifically respond to defendant's every mitigating argument; court adequately explained the sentence when it focused on several aggravating factors after hearing mitigating argument). Next, Hinsley's sentence was not substantively unreasonable, as the district court properly considered the section 3553(a) factors, and there is no indication that the court committed a clear error of judgment in weighing the factors. *See Feemster*, 572 F.3d at 461-62 (explaining substantive reasonableness); *see also United States v. Fitzpatrick*, 943 F.3d 838, 841 (8th Cir. 2019) (noting that the sentencing court's decision not to weigh the defendant's difficult upbringing as heavily as he preferred did not justify reversal).

Accordingly, we affirm.

_____